IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01150-BNB

JAN B. HAMILTON,

     Plaintiff,

v.

ERIN FERNANDEZ ELY,

     Defendant.

_____

AMENDED ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES
_____

Plaintiff, Jan Hamilton, initiated this action on April 30, 2013 by submitting a
document titled "Notice of Appeal" which purports to be an appeal to this Court from an
order issued by the Colorado Supreme Court.  Magistrate Judge Boland advised Ms.
Hamilton, in a May 1, 2013 Order that the federal district court does not have jurisdiction
over orders issued by the state appellate courts.  Instead, Plaintiff must file a complaint
asserting a basis for jurisdiction under the federal question statute, 28 U.S.C. § 1331, or
the diversity statute, 28 U.S.C. § 1332.  In the May 1 Order, Magistrate Judge Boland
also directed the Plaintiff to file a Prisoner's Motion and Affidavit for Leave to Proceed
Pursuant to 28 U.S.C. § 1915, or to pay the $350.00 filing fee, and to submit her claims
on the court-approved Prisoner Complaint form within thirty (30) days.  Ms. Hamilton
was granted extensions of time until June 28, 2013 to comply with the May 1 Order.
(*See* Doc. # 14).

On July 1, 2013, Ms. Hamilton filed a Motion to Clarify and Update (Doc. #15).
In the Motion, Plaintiff advises the Court that she has been released from the Pitkin

County jail, where she was incarcerated at the time of filing.  She also explains the bases of her purported claims.  In short, Ms. Hamilton seeks to sue a state district court judge and a retired state district court judge for violation of her constitutional rights and state statutory and common law torts.   Ms. Hamilton also asks the court to appoint counsel to represent her.

The Motion to Clarify and Update does not comply with the May 1 Order Directing Plaintiff to Cure Deficiencies.   Plaintiff has not filed her claims on the court-approved Prisoner Complaint or Complaint form.  Moreover, Plaintiff is advised that the state district judges enjoy absolute immunity from suit for acts performed in their official capacities. ***Stump v. Sparkman***, 435 U.S. 349, 355-56 (1978).  Furthermore, "judicial immunity is not overcome by allegations of bad faith or malice." ***Mireles v. Waco***, 502 U.S. 9, 12 (1991).

In addition, because Ms. Hamilton is no longer incarcerated, she must submit a non-prisoner Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, or pay the $350.00 filing fee.  Accordingly, it is

ORDERED that the Motion to Clarify and Update (Doc. # 15) is DENIED because it fails to comply with the May 1, 2013 Order.  The request for appointment of counsel is denied as premature.  It is

FURTHER ORDERED that Ms. Hamilton shall cure the deficiencies designated above within thirty (30) days of the date of this Order.  It is

FURTHER ORDERED that Ms. Hamilton shall obtain the Court-approved Prisoner Complaint or Complaint form, and non-prisoner  Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form, along with the applicable instructions, at

www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Ms. Hamilton fails to cure the designated

deficiencies **within thirty days from the date of this Order**, the action will be

dismissed without further notice.

DATED July 2, 2013, at Denver, Colorado.

BY THE COURT:

_s/Craig B. Shaffer_____
United States Magistrate Judge