IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.13-cv-01150-LTB

JAN B. HAMILTON,

    Plaintiff,

v.

ERIN FERNANDEZ ELY,

    Defendant.

## ORDER DENYING MOTION TO RECONSIDER

    Plaintiff, Jane Hamilton, has filed *pro se* a Motion to Reconsider [Doc. # 24], in which she asks the court to reconsider the Order of Dismissal and Judgment entered in this action on August 28, 2013. The Court must construe the document liberally because Ms. Hamilton is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the Motion to Reconsider will be denied.

    Ms. Hamilton initiated this action on April 30, 2013, by filing a "Notice of Appeal" purporting to appeal an order of the Colorado Supreme Court. On May 1, 2013, Magistrate Judge Boyd N. Boland reviewed the submitted document and determined that it was deficient because the federal district court does not have jurisdiction over orders issued by the state appellate courts. Magistrate Judge Boland informed Ms. Hamilton that she must file a complaint asserting a basis for jurisdiction under the federal question statute, 28 U.S.C. § 1331, or the diversity statute, 28 U.S.C. § 1332. Accordingly, Magistrate Judge Boland directed Plaintiff to file a Prisoner Complaint on

the court-approved form within thirty days.  Ms. Hamilton was further ordered to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the court-approved form, or to pay the $350.00 filing fee in this action, within thirty days.  The May 1 Order warned Ms. Hamilton that failure to comply with the Order by the court-ordered deadline would result in dismissal of this action without further notice.

On May 13, 2013, Ms. Hamilton submitted a Letter to the Court requesting copies of the court-approved forms necessary to comply with the May 1 Order.  [Doc. # 4].  Magistrate Judge Boland issued a Minute Order on May 15, 2013, directing the clerk of the court to mail to Plaintiff blank copies of the forms for filing a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. [Doc. # 6].  The May 15, 2013 Minute Order further directed Plaintiff to cure the deficiencies noted in the May 1, 2013 Order within thirty days.

On May 20, 2013, Ms. Hamilton filed a motion requesting an extension of time until June 15, 2013, to cure the deficiencies in this action. [Doc. # 8].  In a May 21, 2013 Minute Order, Magistrate Judge Boland granted Plaintiff thirty days to comply with the May 1 Order. [Doc. # 11].  The Court reminded Plaintiff that she must assert her constitutional claims on the court-approved Prisoner Complaint form. [*Id.*].

In a May 29, 2013 Minute Order, Magistrate Judge Boland denied Ms. Hamilton's request to re-assign the case to Magistrate Judge Michael J. Watanabe and granted Plaintiff an additional extension of time to June 28, 2013, to comply with the May 1 Order.  [Doc. # 14].

On July 1, 2013, Ms. Hamilton filed a Motion to Clarify and Update [Doc. #15].  In the Motion, Plaintiff advised the Court that she had been released from the Pitkin

County jail and clarified that she was attempting to sue a state judge for violation of her constitutional rights, as well as for state statutory and common law torts.

On July 2, 2013, Magistrate Judge Craig B. Shaffer entered an Amended Order Directing Plaintiff to Cure Deficiencies.  The July 2 Order advised Ms. Hamilton that the Motion to Clarify and Update did not comply with the May 1 Order because Plaintiff had not filed her claims on the court-approved Prisoner Complaint or Complaint form. Magistrate Judge Shaffer also informed Plaintiff that the state judges enjoy absolute immunity from suit for acts performed in their official capacities, including judicial acts motivated by bad faith or malice. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Mireles v. Waco*, 502 U.S. 9, 12 (1991).  Finally, Magistrate Judge Shaffer directed Ms. Hamilton in the July 2 Order to submit a <u>non-prisoner</u> Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, or pay the $350.00 filing fee.  Plaintiff was ordered to correct the noted deficiencies within thirty days of the July 2 Order and was told that she could obtain the Court-approved Complaint form and non-prisoner Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form, along with the applicable instructions, at www.cod.uscourts.gov.

On July 16, 2013, the copy of the July 2, 2013 Order was returned to the Court as undeliverable. [Doc. #17].  The clerk of the court resent a copy of the July 2 Order to Plaintiff at the correct address.  On July 18, 2013, Magistrate Judge Boland issued a Minute Order granting Ms. Hamilton until August 19, 2013, to comply with the July 2 Order.  Plaintiff was advised that failure to cure the designate deficiencies by the court-ordered deadline would result in dismissal of the action without further notice.

On July 31, 2013, Ms. Hamilton filed a Motion and Affidavit for Leave to Proceed

3

Pursuant to 28 U.S.C. § 1915 on the court-approved form. However, Plaintiff did not file her claims on the court-approved Complaint or Prisoner Complaint form, as directed in the July 2 Order. Therefore, the Court dismissed the action without prejudice for failure to cure all of the deficiencies.

Ms. Hamilton alleges in the Motion to Reconsider that while she was in the Pitkin County jail, she was denied access to the court-approved forms and was prohibited from mailing documents outside the jail, except on Fridays.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the Motion to Reconsider filed by Ms. Hamilton pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a

Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

Upon consideration, the Court finds that Ms. Hamilton fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. After Plaintiff advised the Court that she was unable to access the necessary forms in jail, the Court mailed her the forms on or about May 15, 2013. After Ms. Hamilton was released from jail on May 31, 2013, she did not notify the Court that she was unable to obtain the court-approved forms, or request that additional forms be mailed to her at her post office box in Aspen, Colorado. Moreover, the fact that Ms. Hamilton filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the correct form indicates that she had access to the court-approved forms. Even assuming Ms. Hamilton did not have access to the court-approved forms for filing a Prisoner Complaint or Complaint, her belated arguments that she was unable to cure all of the deficiencies does not convince the Court that the order dismissing this action should be vacated. If Ms. Hamilton was unable to cure all of the deficiencies for lack of access to a necessary form, she should have advised the Court of that fact when she cured the other deficiency in this action by filing a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

For these reasons, the Motion to Reconsider will be denied. Ms. Hamilton is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Ms. Hamilton wishes to pursue her claims, she may do so by filing a new action. Accordingly, it is

ORDERED that the Motion to Reconsider [Doc. # 24] is DENIED. It is

FURTHER ORDERED that the Motion to Appoint Court Appointed Attorney in this Civil Case [Doc. # 25] is DENIED.

DATED at Denver, Colorado, this  26th  day of    September    , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court